IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

      v.                                                  Case No. 20-cr-00075-wmc

KYLE C. OLSON,

      Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

The United States of America, by Timothy M. O'Shea, Acting United States Attorney for the Western District of Wisconsin, by Corey C. Stephan, Assistant United States Attorney for that district, hereby submits this sentencing memorandum.

**1. Nature and Circumstances of the Offense**

During a period of violent civil unrest in downtown Madison, Olson went to the area armed with a loaded handgun to observe the events. When officers saw Olson conceal the handgun in his waistband, they detained him and placed him under arrest him after he admitted he was a felon and should not have the gun. Olson told police that he bought the gun two days earlier, that he "lives a boring life," and wanted to see for himself what was going on downtown. (Dkt. 43 ("PSR"), ¶ 9). Olson said that although he did not know much about guns (he did not even know there was a round in the chamber) he wanted the handgun for his protection because of what was going

on there. (Id.). He also admitted to being on supervision after serving time in prison. (Id.).

### 2. The History and Characteristics of the Defendant

Olson is 29 years old and his criminal history involves a string of driving offenses when he was about 20 years old. In 2013 he was given deferred prosecution on four felony car theft charges, but that was revoked in 2015 and he was sentenced to three years in prison and three years of extended supervision. (PSR, ¶¶ 32-33). In the first case, he was speeding and, after being stopped by police, fled on foot because he was "really drunk." (Id., ¶ 32). The second charge involved going through a stop sign and attempting to flee from police; the defendant was on bond for the first vehicle theft at the time. (Id., ¶ 33). In the third case, Olson crashed a stolen vehicle into a telephone pole and left on foot; he also was convicted for operating while intoxicated as a second offense. (Id., ¶¶ 34-35). The final vehicle theft involved Olson driving a car that was taken from someone's driveway; he abandoned it, fled on foot, and was intoxicated. (Id., ¶ 36).

In this federal case, the defense concedes that Olson made a terrible choice by bringing a gun downtown that night. His decision-making process was obviously flawed (and as he stated in his letter to the court not limited to this specific night). However, when confronted by officers Olson deserves credit for – at a critical moment – showing some good judgment. First, and most importantly, he obeyed the officers' commands and cooperated while they recovered the gun. Second, he admitted that he was a felon and knew he should not have the gun.

### 3. The Need for the Sentence Imposed

If alcohol, marijuana, and mental health issues are what led him to this conduct (see Dkt. 53-1, p. 1), it appears (at least regarding alcohol) to be consistent with his string of cases almost ten years ago. Another consistent feature is that his crimes endanger not only himself but also the community in general. Speeding around and crashing stolen cars is dangerous for everyone on the roads. A felon bringing a loaded handgun to the chaos of civil unrest that enveloped downtown Madison last year is a recipe for disaster with the potential for police, bystanders, protesters, or Olson getting hurt or killed.

And Olson has not "age[d] out of crime" as his sentencing memorandum seems to suggest. (Dkt. 53, p. 3). At 29 years old and at the tail end of his extended supervision, he committed a gun offense. While he argues that on the continuum he is not as dangerous some gun offenders, the problem is that he armed himself in the first place, and then potential powder keg that he created. The uncertainty and variables present could have resulted in devastating events, injury, and death in what was already a chaotic event. And Olson was aware of the violence and potential for injury – that is what drew him to the area and why he had the gun.

In this case, imprisonment consistent with the guideline range is appropriate. Olson must be held accountable for this crime, which is exacerbated by the fact that he was on community supervision at the time he committed it and the events at the time.

**4. Conclusion**

For these reasons, the government respectfully recommends that a sentence consistent with the advisory sentencing guidelines is appropriate in this case.

Dated this 2nd day of June 2021.

Respectfully submitted,

TIMOTHY M. O'SHEA
Acting United States Attorney

By: 
COREY C. STEPHAN
Assistant U. S. Attorney